**Edward L. Rothberg**
**State Bar No. 17313990**
**Email: rothberg@hooverslovacek.com**
**Melissa A. Haselden**
**State Bar No. 00794778**
**Email: haselden@hooverslovacek.com**
**T. Josh Judd**
**State Bar No. 24036866**
**Email: judd@hooverslovacek.com**
**Annie Catmull**
**State Bar No. 00794932**
**Email: catmull@hooverslovacek.com**
**Hoover Slovacek LLP**
**5051 Westheimer, Suite 1200**
**Galleria Tower II**
**Houston, Texas 77056**
**Telephone: (713) 977-8686**
**Facsimile: (713) 977-5395**
**Proposed Attorneys for Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** § | | **Chapter 11** |
| § | | |
| **VICTORY MEDICAL CENTER** § | | **CASE NO. 15-42373-rfn-11** |
| **MID-CITIES, LP et. al.**[1] § | | |
| § | | **Jointly Administered** |
| § | | |

**MOTION OF VICTORY MEDICAL CENTER CRAIG RANCH, LP**
**TO COMPEL DEPOSITION OF TEXAS CAPITAL BANK, SHORTEN DEADLINE TO PRODUCE DOCUMENTS, COMPEL PRODUCTION OF DOCUMENTS, AND OBTAIN A RULING ON OBJECTIONS TO DISCOVERY REQUESTS ASSERTED BY TEXAS CAPITAL BANK**
[Relates to Docket nos. 169 and 170]

---

[1] Victory Medical Center Mid-Cities, LP ("Mid-Cities ") (2023), Victory Medical Center Mid-Cities GP, LLC ("Mid-Cities GP") (4580), Victory Medical Center Plano, LP ("Plano") (4334), Victory Medical Center Plano GP, LLC ("Plano GP ")(3670), Victory Medical Center Craig Ranch, LP ("Craig Ranch ") (9340), Victory Medical Center Craig Ranch GP, LLC ("Craig Ranch GP ")(2223), Victory Medical Center Landmark, LP ("Landmark ")(9689), Victory Medical Center Landmark GP, LLC ("Landmark GP")(9597), and Victory Parent Company, LLC ("Victory Parent ")(3191).

{851233-00005 AEC 7/10/2015 00980486.DOCX 2}      1

## I.     **EVENTS LEADING TO DISCRETE DISPUTE**

1. The events leading to the current cash collateral dispute are as follows:

    a. At the June 30th hearing leading to entry of the second interim cash collateral order, counsel for TCB advised the Court that "we intend to terminate the use of cash collateral pursuant to our order on the 7th." 6/30/15 Tr., p.7, lines 19-20. A copy of the transcript is attached and marked **Exhibit A   .**

    b. On the other hand, the second interim agreed cash collateral order, at ¶ 1, contains the following text: "Subject to all the terms and conditions of the [first interim cash collateral order], the Debtors are authorized to use cash collateral … through July 15, 2015. See docket no. 162, entered July 7th. A copy of the order is attached hereto and marked **Exhibit B   .**

    c. However, the same order provides, at ¶ 4, that "[i]n their sole and absolute discretion, Secured Lenders may terminate use of their cash collateral at any time by providing three business days' notice to the Debtors …."

    d. On July 1st—prior to the July 7th entry of the second interim cash collateral order – TCB transmitted to counsel for Debtor a notice of termination of use of cash collateral. A copy of the termination notice is attached hereto and marked **Exhibit  C  .** According to TCB, that transmission triggered the "three business day" provision-- of the July 7th second interim cash collateral order --for Debtor's to seek emergency cash collateral relief from this Court.

        i. To be clear, there was no mention at the June 30th hearing that TCB's termination notice would be transmitted on July 1.[2]

---

[2]     The point is made to avoid any potential misreading of the text at ¶ 3 of TCB's motion to quash assigned docket no. 3 "As announced at the Court hearing on June 30, 2015, and as expressly provided for in its Agreed

e. On July 2nd at 12:32 p.m., Josh Judd, counsel for Debtor, transmitted to Eric Taube, counsel for TCB (i) a request for dates that TCB would be available for deposition, and (ii) a description of the documents requested ("collateral file, loan file, committee minutes or notes related to the financial condition of Craig Ranch or the Beaumont hospital … any appraisals…."). A copy of that email is attached hereto and marked **Exhibit D** .

f. On July 6th, not having heard back from TCB regarding deposition dates, Debtor's counsel transmitted to counsel for TCB via email a copy of the notice of deposition served July 6th via email and U.S. Mail. A complete copy of that discovery request is attached hereto and marked **Exhibit E** .

g. On July 9th, TCB filed its "Texas Capital Bank, N.A.'s Objection to and Motion to Quash Victory Medical Center Craig Ranch, LP's Notice of Intention to Take Videotaped and Oral Deposition and Duces Tecum." See docket no. 169.

h. The TCB discovery objections are:

  i. There is "**no pending dispute**…. [Debtor] has taken no action to obtain an order permitting use of cash collateral…." Docket no 169 at ¶ 5. (Debtor has since filed a cash collateral motion. See docket no. 170.)

  ii. "Bankruptcy Rule 30 … provides that a party may not be required to produce documents in *less than 30 days notice*." See docket 169 at ¶ 6.

  iii. Non-compliance with section 59.006 of the *Texas Finance Code*. But see see ¶ ¶ 9-10 below.

---

Second Interim Order …[TCB]provided notice of its intent to terminate … by sending the notice on July 1 …." (underscoring added).

      iv. Blanket claims of attorney-client and work-product *privilege*. See "Exhibit C to docket 169-1. Also, a copy is attached hereto and marked **Exhibit F**.

      v. As to one category of documents, relevance. See ¶¶ 15-16 below.

## II. REQUEST FOR RELIEF

2. Victory asks this Court to enter an order:

   a. Compelling TCB to designate a witness to appear in the office of local counsel for the committee for oral deposition on July 14, 2015 and to be deposed on the matters described in the notice of deposition;

   b. Shortening to July 14th the Rules 30 and 34 deadline for TCB to produce the documents in response to the document request served with the notice of deposition;

   c. Overruling discovery objection asserted by TCB; and

   d. Compelling TCB to produce all documents responsive to Victory's document request included within the notice of deposition.

3. With respect to the privilege objections asserted by TCB, to the extent that the Court does not overrule such objections, then Debtor asks to the Court to direct TCB to serve upon Debtor a privilege log specifying the following information for each document and ESI withheld on any privilege ground (other than documents and ESI that represent communications solely between TCB and its bankruptcy counsel): (i) description of the document or ESI (e.g., a letter, email, memo, invoice, et.), (ii) the date of the document or ESI, (iii) if the document or ESI reflects communications (such as, e.g., a letter, email, or minutes of a meeting) between individuals, then the names of the individuals to the communication, (iv) the particular privilege asserted, and (v) how or why the document or ESI falls within the scope of the claimed privilege.

### III.  ARGUMENT & AUTHORITY

*There Are Exigent Circumstances Meriting Expedited Discovery:  There is a July 14th Bid Deadline on Debtor's Assets.  Continued Use of Cash Through the Sale Process is Crucial.*

4.  First, there are exigent circumstances meriting shortened discovery deadlines.  On July 1, TCB transmitted a notice of termination of use of cash collateral.  See, generally, Debtor's pending cash collateral motion at docket no. 170.

5.  Debtors are in the process of marketing their hospitals for sale through the bid procedures order approved by the Court. The deadline to submit bids is July 14, 2015. To the extent that qualified bids are received for the Craig Ranch hospital, Debtor Craig Ranch needs authorization to use cash collateral on an interim basis from July 10, 2015 to July 31, 2015. Without the use cash collateral during the final stages of the sales process, the Debtors' ability to sell the Craig Ranch facility will be eliminated.  Thus, On July 9th, the Debtors filed an emergency motion seeking the continued use of cash collateral. See docket no. 170.   That motion remains pending.

6.  Second, Rule 34 (made applicable by Rule 30) is explicit that a court has discretion to shorten the response time when circumstances merit. Fed. R. Civ. P. 34(b)(2)(A)("A shorter or longer time may be … ordered by the court.").  See also *Shakur v. Bridgestone/Firestone, Inc.*, 2006 U.S. Dist. LEXIS 35850, 3-4 (W.D. Okla. May 24, 2006) ("[Rule 34] notice does not allow … the usual thirty-day response time, the Court treats his motion to compel also as a motion to shorten time. Rule 34(b) ('A shorter or longer time may be directed by the court . . . .').

7.  Third, TCB has been on notice of the Debtor's intent to depose, and in possession of a description of the categories of documents sought, since July 2nd.  See ¶ <u>1de</u> above.  The deadline to respond to documents in the discovery request is July 14th. The motion to quash accurately states that the discovery requests were *served* on sought on July 6, 2015. See motion at docket no. 169, at ¶ 4.  Attached to the motion is a copy of the discovery request bearing a July 7th

{851233-00005 AEC 7/10/2015 00980486.DOCX 2}     5

"received" stamp. In the interest of clarity, however, the discovery was *served via email around noon on July 2nd*. The four day difference, in fast-paced bankruptcy litigation, is meaningful. The effect is that TCB has a 12 day response period, measured from Josh Judd's noon email on July 2nd. Twelve days is almost *presumptively* reasonable. See discussion below of shortened discovery period in local rules of this Court.

8. Fourth, as TCB surely knows, in fast-paced bankruptcy disputes, it is not unusual for traditional discovery deadlines to be shortened. See, e.g., N.D. Tex. L.R.B. 4001-1 ("The time within which responses to discovery requests on automatic stay issues are due under Bankruptcy Rules 7028-7036 is shortened from 30 to 14 days.") See, e.g., *United States SEC v. Quan*, 2011 U.S. Dist. LEXIS 47471 (D. Minn. May 3, 2011)("requests for documents, and requests for admissions, take depositions and issue subpoenas immediately, and the time allowed to respond to such discovery requests is shortened to 10 calendar days after a request is served").

### *Section 59.006 of the Texas Finance Code Does not Apply.*

9. One category of TCB's objections is that Victory "fai[ed] to comply with section 59.006 of the Texas Finance Code." Section 59.006 of the Texas Finance Code, generally, "governs the [Texas] *procedure* to secure nonparty customer records." *Alpert v. Riley*, 2009 U.S. Dist. LEXIS 36615 (S.D. Tex. Apr. 30, 2009) (emphasis added) (rejection of bank's attempt to resist production of documents due to non-compliance with section 59.006 of Texas Finance Code). Those objections are misplaced.

10. First, the underlying dispute turns on a federal statute, 11 U.S.C. 363, not a Texas cause of action. As such, section 59.006 of the Texas Finance Code, a *procedural* statute, has no application here. "[F]ederal procedural rules, not state rules, apply to discovery in this federal

case." *Alpert v. Riley, supra*, citing *British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 594 (W.D. Tex. 2000).

> The language of § 59.006 establishes that it is a procedural [as opposed to substantive] provision. Section 59.006 is entitled: 'Discovery of Customer Records.' Section 59.006 states that the section provides the 'exclusive method for compelled discovery of a record of a financial institution relating to one or more of its customers.' Section 59.006 (a) expressly provides that it 'does not create a right of privacy in a record . . . .' [bank] acknowledges in its motion to quash that § 59.006 does not create a right of privilege or a privacy right …. Therefore, § <u>59.006 cannot be characterized as a state-created substantive privilege</u>. [Bank] cites no case, Texas or federal, which holds that § 59.006 creates a privilege, privacy right or goes beyond setting the 'method' or procedures to be followed when seeking customer information. If the Fifth Circuit considers Texas law which precludes the production of income tax returns to be 'irrelevant' because the judgment creditor 'clearly indicated its intent to pursue post judgment discovery in the manner provided by the Federal Rules of Civil Procedure,' *LeGrand*, 43 F.3d at 171, then clearly <u>a Texas law establishing the 'exclusive method' to be followed when pursuing 'discovery of customer records' cannot take precedence over federal discovery rules</u> which address post-judgment discovery and compliance with subpoenas.

*British Int'l Ins., supra* (discussing Fifth Circuit's repeated rejection of attempts to resist post-judgment discovery—by reliance on state statute that is procedural in nature --conducted under federal rules). Copies of the cases are attached hereto and marked **Exhibit G** and **Exhibit H**.

11. Second, TCB asserted a Texas Finance Code objection in response to five different document/ESI requests. Four of those document/ESI requests relate to TCB records pertaining to Victory Medical Center Beaumont, LP, a non-debtor sister company to movant herein. Victory Medical Center Beaumont, LP has consented orally. As such, written consent will be provided to TCB shortly.

### *Blanket, Non-specific Claims of Privilege, No Privilege Log*

12. The blanket privilege objections asserted by TCB contain <u>no</u> description whatsoever. Debtor does not seek privileged communications between TCB and its bankruptcy counsel. Debtor does <u>not</u> request a privilege log as to such communications. Other than that, however, Debtor is entitled to a privilege log that describes what is being withheld and why.

13. "[T]he party invoking the privilege bears the burden of proving that his or her communications are privileged and, therefore, protected from disclosure." *In re Royce Homes, LP*, 449 B.R. 709, 725 (Bankr. S.D. Tex. 2011) (citing In *re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001))." "The privilege must be specifically asserted with respect to particular documents.") quoting *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982) ("we have made clear that the attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents"). "A proper claim of privilege requires a specific designation and description of the documents within its scope *as well as precise and certain reasons for preserving their confidentiality.*" *In re Royce Homes, LP*, 449 B.R. at 730 (emphasis added) (citing *SEC v. Microtune*, 258 F.R.D. 310, 315 (N.D. Tex. 2009) (quoting *Greene, Tweed of Delaware, Inc. v. DuPont Elastomers, L.L.C.*, 202 F.R.D. 418, 423 (E.D. Pa. 2001))).

> ***TCB's "Relevance" Objection Regarding Documents Forest Park Medical Center?***
> ***One, Bids on Debtor Craig Ranch are due this week.***
> ***Two, The Near-term Sale of Non-Debtor Affiliated Hospital Should Substanually Reduce The Texas Capital Bank Indebtedness.***
> ***TCB's Loss Exposure on Un-Affiliated Forest Park Medical Center is Significant.***
> ***Forest Park Medical Center is a Competitor of Debtor Craig Ranch.***

14. On information and belief, TCB is at risk of losing millions on a loan to Forest Park Medical Center, a facility not affiliated with any of the Debtors. Forest Park Medical Center is a competitor of Victory Medical Center Craig Ranch, LP.

15. The TCB loan at issue in this case is more than adequately protected. One, pursuant to the auction process approved by this Court, bids are due on Debtor Craig Ranch this week. Two, the same TCB loan is cross-collateralized by the assets of a non-debtor Victory affiliate that expects to sell a Beaumont hospital in the short term. The proceeds of that sale are expected to generate an additional $700,000.00 toward the reduction of remaining TCB indebtedness, if any. Three, TCB is additionally protected by the significant value of the reserved accounts receivables

16. Under these circumstances, it is entirely reasonable to allow Debtor to conduct discovery on what it seeks: "Documents and communications concerning the potential impact on Forest Park Medical Center of a potential closure of the hospital operated by Victory Hospital Craig Ranch L.P."[3]

## IV.  PRAYER

17. Victory prays that Court enter an order overruling TCB's objections, denying its motion to quash, shortening the deadline to respond to the discovery requests, and directing TCB to produce documents and appear for oral deposition.

18. Dated: July 13, 2015

                                          Respectfully submitted,

                                        By: /s/ *Annie Catmull*
                                        ANNIE CATMULL
                                        State Bar No. 00794932

---

[3] The document request also seeks market studies and analysis.

                                              Galleria Tower II
                                     5051 Westheimer, Suite 1200
                                          Houston, Texas 77056
                                         Telephone: 713.977.8686
                                          Facsimile:  713.977.5395
                                  rothberg@hooverslovacek.com

                          PROPOSED ATTORNEYS FOR DEBTORS

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 13, 2015, I telephonically conferred with counsel for Texas Capital Bank, Mark Taylor.  I further certify that I have reviewed emails between Ed Rothberg and Eric Taub reflecting prior efforts to resolve this dispute.  The dispute remains unresolved.

                                      /s/ *Annie Catmull*_____
                                      ANNIE CATMULL

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2015, a true and correct copy of the attached motion to compel was served via the Court's CM/ECF notification system upon the parties listed below at the email addresses listed below.

                                      /s/ *Annie Catmull*_____
                                      ANNIE CATMULL

    David George Aelvoet on behalf of Creditor Bexar County
    sanantonio.bankruptcy@publicans.com

    Atmos Energy Corporation
    velinda.hunter@atmosenergy.com

Keith Miles Aurzada on behalf of Creditor Head & Spine Institute of Texas
keith.aurzada@bryancave.com,
alicia.nixon@bryancave.com;Bradley.purcell@bryancave.com

Elliott S. Cappuccio on behalf of Creditor Alliance Partners, LLC
ecappuccio@pulmanlaw.com,
svorpahl@pulmanlaw.com;lbeshara@pulmanlaw.com;ggaines@pulmanlaw.com

Jeffery D. Carruth on behalf of Creditor Pentacrown, L.L.C. d/b/a JAN-PRO of Dallas/Fort Worth
jcarruth@wkpz.com, jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Annie E. Catmull on behalf of Consolidated debtor Victory Medical Center Craig Ranch GP, LLC
catmull@hooverslovacek.com, ray@hooverslovacek.com

Annie E. Catmull on behalf of Consolidated debtor Victory Medical Center Craig Ranch, LP
catmull@hooverslovacek.com, ray@hooverslovacek.com

Annie E. Catmull on behalf of Consolidated debtor Victory Medical Center Landmark GP, LLC
catmull@hooverslovacek.com, ray@hooverslovacek.com

Annie E. Catmull on behalf of Consolidated debtor Victory Medical Center Landmark, LP
catmull@hooverslovacek.com, ray@hooverslovacek.com

Annie E. Catmull on behalf of Consolidated debtor Victory Medical Center Mid-Cities GP, LLC
catmull@hooverslovacek.com, ray@hooverslovacek.com

Annie E. Catmull on behalf of Consolidated debtor Victory Medical Center Plano, LP
catmull@hooverslovacek.com, ray@hooverslovacek.com

Annie E. Catmull on behalf of Consolidated debtor Victory Parent Company, LLC
catmull@hooverslovacek.com, ray@hooverslovacek.com

Annie E. Catmull on behalf of Debtor Victory Medical Center Mid-Cities, LP
catmull@hooverslovacek.com, ray@hooverslovacek.com

Annie E. Catmull on behalf of Interested Party Victory Parent Company, LLC
catmull@hooverslovacek.com, ray@hooverslovacek.com

Matthew Dudley Cavenaugh on behalf of Creditor Iberia Bank
mcavenaugh@jw.com, bruzinsky@jw.com

John Mark Chevallier on behalf of Creditor StoneGate Senior Living, LLC
mchevallier@mcslaw.com

Paul T. Curl on behalf of Creditor Glasir Medical, LP
ptcurl@csg-law.com, lanee@csg-law.com

Peter C. DApice on behalf of Creditor ARHC VSMCKTX01, LLC
dapice@sbep-law.com

John P. Dillman on behalf of Creditor Harris County
houston_bankruptcy@publicans.com

John P. Dillman on behalf of Creditor Montgomery County
houston_bankruptcy@publicans.com

Haakon Donnelly on behalf of Creditor Andrew Shimer, M.D., P.A.
hdonnelly@bd-law.com, skey@bd-law.com;cgayler@bd-law.com

Michael J. Dulaney on behalf of Creditor Sullins Johnston Rohrbach & Magers
mdulaney@sjrm.com

Matthew Thomas Ferris on behalf of Creditor LegacyTexas Bank
mferris@winstead.com, lbayliss@winstead.com

Blair Grant Francis on behalf of Creditor Intercede Health, Inc. and Inpatient Medical Services, P.A.
blair.francis@frtllp.com

Robert P. Franke on behalf of Creditor Strasburger & Price, L.L.P.
robert.franke@strasburger.com,
mina.alvarez@strasburger.com;andrew.edson@strasburger.com

Toby Michael Galloway on behalf of Creditor L2 Surgical, LLC
toby.galloway@kellyhart.com

Jeffrey K. Garfinkle on behalf of Creditor McKesson Medical-Surgical Minnesota Supply, Inc.
bkgroup@buchalter.com

Eric S. Goldstein on behalf of Creditor First Financial Corporate Leasing LLC d/b/a First Financial Healthcare Solutions
egoldstein@goodwin.com,
bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com

Lee Gordon on behalf of Creditor Denton County

denise.gibson@mvbalaw.com;kim.morriss@mvbalaw.com;othercourts@mvbalaw.com

Ian A Hammel on behalf of Creditor ARHC VSMCKTX01, LLC
ihammel@mintz.com, wkannel@mintz.com

Melissa A. Haselden on behalf of Consolidated debtor Victory Medical Center Craig Ranch GP, LLC
Haselden@hooverslovacek.com, haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Consolidated debtor Victory Medical Center Craig Ranch, LP
Haselden@hooverslovacek.com, haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Consolidated debtor Victory Medical Center Landmark GP, LLC
Haselden@hooverslovacek.com, haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Consolidated debtor Victory Medical Center Landmark, LP
Haselden@hooverslovacek.com, haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Consolidated debtor Victory Medical Center Mid-Cities GP, LLC
Haselden@hooverslovacek.com, haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Consolidated debtor Victory Medical Center Plano GP, LLC
Haselden@hooverslovacek.com, haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Consolidated debtor Victory Medical Center Plano, LP
Haselden@hooverslovacek.com, haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Consolidated debtor Victory Parent Company, LLC
Haselden@hooverslovacek.com, haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Debtor Victory Medical Center Craig Ranch GP, LLC
Haselden@hooverslovacek.com, haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Debtor Victory Medical Center Craig Ranch, LP
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Debtor Victory Medical Center Landmark GP, LLC
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Debtor Victory Medical Center Landmark, LP
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Debtor Victory Medical Center Mid-Cities GP, LLC
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Debtor Victory Medical Center Mid-Cities, LP
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Debtor Victory Medical Center Plano GP, LLC
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Debtor Victory Medical Center Plano, LP
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Debtor Victory Parent Company, LLC
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Melissa A. Haselden on behalf of Interested Party Victory Parent Company, LLC
Haselden@hooverslovacek.com,
haseldenbankruptcy@gmail.com;welborn@hooverslovacek.com

Patrick B. Howell on behalf of Creditor Titan Spine, LLC
phowell@whdlaw.com, tmichalak@whdlaw.com;dprim@whdlaw.com

Joshua Andrew Huber on behalf of Creditor CHP Hurst TX Surgical Owner, LLC
jhuber@blankrome.com

Laurie Spindler Huffman on behalf of Creditor Tarrant County
Laurie.Spindler@publicans.com, evelyn.palmer@lgbs.com

T. Josh Judd on behalf of Consolidated debtor Victory Medical Center Craig Ranch GP, LLC
judd@hooverslovacek.com, bankruptcy1@hooverslovacek.com

T. Josh Judd on behalf of Consolidated debtor Victory Medical Center Craig Ranch, LP
judd@hooverslovacek.com, bankruptcy1@hooverslovacek.com

T. Josh Judd on behalf of Consolidated debtor Victory Medical Center Landmark GP, LLC
judd@hooverslovacek.com, bankruptcy1@hooverslovacek.com

T. Josh Judd on behalf of Consolidated debtor Victory Medical Center Landmark, LP
judd@hooverslovacek.com, bankruptcy1@hooverslovacek.com

T. Josh Judd on behalf of Consolidated debtor Victory Medical Center Mid-Cities GP, LLC
judd@hooverslovacek.com, bankruptcy1@hooverslovacek.com

T. Josh Judd on behalf of Consolidated debtor Victory Medical Center Plano, LP
judd@hooverslovacek.com, bankruptcy1@hooverslovacek.com

T. Josh Judd on behalf of Consolidated debtor Victory Parent Company, LLC
judd@hooverslovacek.com, bankruptcy1@hooverslovacek.com

T. Josh Judd on behalf of Debtor Victory Medical Center Mid-Cities, LP
judd@hooverslovacek.com, bankruptcy1@hooverslovacek.com

William Wade Kannel on behalf of Creditor ARHC VSMCKTX01, LLC
wkannel@mintz.com

Matthias J. Kleinsasser on behalf of Creditor L2 Surgical, LLC
matthias.kleinsasser@kellyhart.com

Jay L. Krystinik on behalf of Creditor Head & Spine Institute of Texas
jay.krystinik@bryancave.com, janet.armstrong@bryancave.com

Lynda L. Lankford on behalf of Creditor Committee Official Committee of Unsecured Creditors
llankford@forsheyprostok.com,
lbreedlove@forsheyprostok.com;calendar@forsheyprostok.com

Lloyd A. Lim on behalf of Creditor LegacyTexas Bank
llim@winstead.com

Kevin M. Lippman on behalf of Interested Party Neurosurgeons of North Texas PLLC
klippman@munsch.com, pmoore@munsch.com

Joe E. Marshall on behalf of Creditor Atmos Energy Corporation
jmarshall@marshalllaw.net

Brent W. Martinelli on behalf of Creditor HELIX MEDICAL GROUP, L.L.C.
brent.martinelli@qpwblaw.com, wylma.chance@qpwblaw.com

Susan C. Mathews on behalf of Spec. Counsel Baker Donelson Bearman Caldwell & Berkowitz, PC
smathews@bakerdonelson.com, arainwater@bakerdonelson.com;mcearley@bakerdonelson.com

Matthew John Mussalli on behalf of Creditor MP2 Energy Texas, LLC
matt@mussallilaw.com, admin@mussallilaw.com

Alan Bartlett Padfield on behalf of Creditor De Lage Landen Financial Services, Inc.
abp@livepad.com

Heather J. Panko on behalf of Creditor ARHC VSMCKTX01, LLC
panko@sbep-law.com

Mary Alice Parsons on behalf of Creditor Fire and Life Safety America
mparsons@hptxlaw.com

Jeff P. Prostok on behalf of Creditor Committee Official Committee of Unsecured Creditors
jpp@forsheyprostok.com, lbreedlove@forsheyprostok.com;calendar@forsheyprostok.com;jprostok@forsheyprostok.com;mmaben@forsheyprostok.com

Bradley James Purcell on behalf of Creditor Head & Spine Institute of Texas
bradley.purcell@bryancave.com

Thomas Rice on behalf of Creditor Alliance Partners LLC
trice@pulmanlaw.com, pcarter@pulmanlaw.com

Derick J. Rodgers on behalf of Creditor Meridian LifeScience LLC
drodgers@lawdcm.com, sdavis@lawdcm.com

Edward L. Rothberg on behalf of Consolidated debtor Victory Medical Center Craig Ranch GP, LLC
rothberg@hooverslovacek.com, mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Consolidated debtor Victory Medical Center Craig

Ranch, LP
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Consolidated debtor Victory Medical Center Landmark GP, LLC
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Consolidated debtor Victory Medical Center Landmark, LP
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Consolidated debtor Victory Medical Center Mid-Cities GP, LLC
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Consolidated debtor Victory Medical Center Plano GP, LLC
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Consolidated debtor Victory Medical Center Plano, LP
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Consolidated debtor Victory Parent Company, LLC
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Debtor Victory Medical Center Craig Ranch GP, LLC
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Debtor Victory Medical Center Craig Ranch, LP
rothberg@hooverslovacek.com,

mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Debtor Victory Medical Center Landmark GP, LLC
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Debtor Victory Medical Center Landmark, LP
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Debtor Victory Medical Center Mid-Cities GP, LLC
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Debtor Victory Medical Center Mid-Cities, LP
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Debtor Victory Medical Center Plano GP, LLC
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Debtor Victory Medical Center Plano, LP
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Debtor Victory Parent Company, LLC
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

Edward L. Rothberg on behalf of Interested Party Victory Parent Company, LLC
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com;bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com

J. Casey Roy on behalf of Interested Party Texas Department of State Health Services
casey.roy@texasattorneygeneral.gov

Thomas C. Scannell on behalf of Creditor Bank of the West
tscannell@gardere.com, koliver@gardere.com;acordero@gardere.com

Erin Marie Schmidt on behalf of U.S. Trustee United States Trustee
ustpregion06.da.ecf@usdoj.gov, erin.schmidt2@usdoj.gov

Michelle E. Shriro on behalf of Creditor SpecialtyCare, Inc.
mshriro@singerlevick.com, scotton@singerlevick.com;croote@singerlevick.com

Robert A. Simon on behalf of Creditor KR Medical Technologies, LLC
rsimon@whitakerchalk.com, bpeck@bgsfirm.com;ctower@whitakerchalk.com

Robert A. Simon on behalf of Creditor Synergy IOM, LLC
rsimon@whitakerchalk.com, bpeck@bgsfirm.com;ctower@whitakerchalk.com

Robert A. Simon on behalf of Creditor Vintage Medical, LLC
rsimon@whitakerchalk.com, bpeck@bgsfirm.com;ctower@whitakerchalk.com

Mark S. Siurek on behalf of Creditor Kirsten Cavaness
msiurek@warrensiurek.com

Elizabeth Kay Stepp on behalf of Creditor L2 Surgical, LLC
eks@federal-lawyer.com

John Mark Stern on behalf of Creditor Texas Comptroller of Public Accounts
john.stern@texasattorneygeneral.gov, Sherri.Simpson@texasattorneygeneral.gov

Sabrina Lynn Streusand on behalf of Creditor Dell Financial Services L.L.C.
streusand@slollp.com, prentice@slollp.com

Nicola G. Suglia on behalf of Creditor Canon Financial Services, Inc. c/o Fleischer, Fleischer & Suglia
nsuglia@fleischerlaw.com, fleischercases@fleischerlaw.com

Eric J. Taube on behalf of Creditor Texas Capital Bank
etaube@taubesummers.com,ssavala@taubesummers.com,ajezisek@taubesummers.com, mtaylor@taubesummers.com

Marc W. Taubenfeld on behalf of Creditor StoneGate Senior Living, LLC
mtaubenfeld@mcslaw.com

Mark C. Taylor on behalf of Creditor Texas Capital Bank
mtaylor@taubesummers.com, tgreenblum@taubesummers.com

Steve Turner on behalf of Creditor Urban Financial of America, LLC
ndecf@BDFGROUP.com, marshak@BDFGroup.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov, albert.loftus@usdoj.gov

Kristin N. Wallis on behalf of Creditor The Sybaris Group, Inc.
kwallis@csj-law.com, kfontenot@csj-law.com

Michael D. Warner on behalf of Creditor Olympus America Inc.
mwarner@coleschotz.com, klabrada@coleschotz.com