Wendy G. Marcari (WM 8494)
**EPSTEIN BECKER & GREEN, P.C.**
250 Park Avenue
New York, NY 10017
Telephone: (212) 351-4500

*Counsel to Kindred Healthcare and*
*Gentiva Health Services*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

-----------------------------------------------------------x
| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| **VICTORY MEDICAL CENTER** | : |
| **MID-CITIES, LP,** *et al.* | : Case No. 15-42373-rfn-11 |
| Debtors. | : |
| | : **(Jointly Administered)** |

-----------------------------------------------------------x

**JOINDER OF KINDRED HEALTHCARE AND GENTIVA HEALTH SERVICES
TO FIRST AND SECOND MOTION OF THE GRANTOR TRUSTEE FOR
AUTHORITY TO CONDUCT RULE 2004 EXAMINATIONS OF CERTAIN ERISA
PLAN SPONSORS AND THEIR THIRD PARTY ADMINISTRATORS
<u>AND FOR THE PRODUCTION OF DOCUMENTS</u>**

Kindred Healthcare ("Kindred") and Gentiva Health Services ("Gentiva") object to the *First Motion of the Grantor Trustee for Authority to Conduct Rule 2004 Examinations of Certain ERISA Plan Sponsors and Their Third Party Administrators and for the Production of Documents* and the *Second Motion of the Grantor Trustee for Authority to Conduct Rule 2004 Examinations of Certain ERISA Plan Sponsors and Their Third Party Administrators and for the Production of Documents*, respectively (together the "Rule 2004 Motions"), join in the objection and arguments asserted by HD Supply, Inc. in its Objection (the "HDS Objection") [Docket No. 1212] and UnitedHealth Group Incorporated and certain of its subsidiaries and affiliates

("United") in its Opposition (the "United Objection") [Docket No. 1272], and request that the Court deny the relief requested in the Rule 2004 Motions as to Kindred and Gentiva.

## BACKGROUND

1. By the Rule 2004 Motions, the Trustee seeks to issue subpoenas upon hundreds of Witnesses (as defined in the respective Rule 2004 Motions) regarding accounts receivable that the Trustee alleges were unpaid or underpaid by third party administrators ("TPAs") on behalf of employers that sponsored ERISA health benefit plans ("Plan Sponsors"). The Witnesses include the TPAs as well as the Plan Sponsors.

2. During the relevant time period of 2012-2014, Kindred and Gentiva were Plan Sponsors for self-funded ERISA health benefit plans. United served as the TPA for both Kindred and Gentiva in Texas, where the Debtors' operations were located.

3. Neither Kindred nor Gentiva are parties-in-interest in these cases, nor have they filed a proof of claim. They have no relationship with, and had no direct dealings with the Debtors or the Trustee.

## JOINDER AND OBJECTION

4. Kindred and Gentiva join in the arguments asserted in the HDS Objection and the United Objection, and incorporate such objections by reference herein.

5. As set forth in the HDS Objection and the United Objection, the Rule 2004 Motions are overbroad and would expose the Plan Sponsors, including Kindred and Gentiva, to significant hardship and expense, as well as risk of disclosure of confidential protected health information.

6. United suggests in its Objection that the Trustee seek information regarding the alleged claims from the TPAs or insurers before subjecting the Plan Sponsors to invasive and costly examinations. Kindred and Gentiva concur; as Plan Sponsors they were not responsible

for the administration of claims and would not have unique information regarding the unpaid or underpaid claims that would not already be in the possession of the Debtors or United.

7. As also argued in the HSD and United Objections, in accordance with Fifth Circuit precedent, the Trustee may lack standing to pursue the underlying claims because the Debtors' confirmed chapter 11 plan of reorganization (the "Plan") did not specifically reserve a claim against Kindred or Gentiva. The Court should not authorize a Rule 2004 examination relating to claims that are not cognizable.

8. Moreover, the Trustee may not have exhausted his administrative remedies under the applicable plan documents and thus the Rule 2004 Motions are premature.

## **RESERVATION OF RIGHTS**

9. By filing this Joinder, Kindred and Gentiva are not availing themselves of the jurisdiction of the Court, nor shall it be deemed to be a waiver or forfeiture of any of their rights. Kindred and Gentiva reserve the right (i) to assert any further objections, defenses, and arguments with respect to the 2004 Motions, (ii) to object to and defend against any subsequent Rule 2004 examination, subpoena or other discovery served upon them in these cases, and (iii) to object to the jurisdiction of the Court to hear any subsequent hearings, matters or claims for relief against them.

[Remainder of page left blank]

WHEREFORE, Kindred and Gentiva respectfully request that the Court deny the 2004 Motions as to Kindred and Gentiva and grant such other relief as the Court deems just and proper.

Dated:  August 18, 2015                           Respectfully Submitted,

*/s/ Wendy G. Marcari*
Wendy G. Marcari (WM 8494)
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY  10017
Telephone:  (212) 351–3747
Fax:  (212) 878-8600

*Counsel to Kindred Healthcare and Gentiva Health Services*

Wendy G. Marcari (WM 8494)
**EPSTEIN BECKER & GREEN, P.C.**
250 Park Avenue
New York, NY  10017
Telephone: (212) 351-4500

*Counsel to Kindred Healthcare and*
*Gentiva Health Services*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

---------------------------------------------------------------x
In re:                                                         :
                                                               :   Chapter 11
**VICTORY MEDICAL CENTER**                                     :
**MID-CITIES, LP,** *et al***.**                               :   Case No. 15-42373-rfn-11
                                 Debtors.                      :
                                                               :   **(Jointly Administered)**
---------------------------------------------------------------x

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by the court ECF filing system on all parties who have entered their appearance electronically in the captioned proceeding on August 18, 2016.

                EPSTEIN BECKER & GREEN, P.C.,

                */s/ Wendy G. Marcari*
                Wendy G. Marcari