Vickie L. Driver, Esq.
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
**Lewis Brisbois Bisgaard & Smith LLP**
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: 214.722.7100
Facsimile: 214.722.7111
Email: vickie.driver@lewisbrisbois.com
Email: christina.stephenson@lewisbrisbois.com

Kris Alderman, Esq.
**FisherBroyles LLP**
945 East Paces Ferry Road, Suite 2000
Atlanta, GA 30326
Telephone:  404-400-4500
Facsimile:  404-596-8887
kris.alderman@fisherbroyles.com

**COUNSEL FOR TEXAS TRUST CREDIT UNION AND
GROUP & PENSION ADMINISTRATORS, INC.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| VICTORY MEDICAL CENTER | § | CASE NO. 15-42373-RFN-11 |
| MID-CITIES, LP et al., | § | |
| | § | Jointly Administered |
| DEBTOR. | § | |

### TEXAS TRUST CREDIT UNION AND GROUP & PENSION ADMINISTRATORS, INC.'S OBJECTIONS TO THE MOTIONS OF THE GRANTOR TRUSTEE FOR AUTHORITY TO CONDUCT RULE 2004 EXAMINATIONS OF CERTAIN ERISA PLAN SPONSORS AND THEIR THIRD PARTY ADMINISTRATORS

Texas Trust Credit Union ("TTCU"), which sponsors an employee welfare benefit plan named the Texas Trust Credit Union Group Health Plan (the "TTCU Health Plan"), and Group & Pension Administrators, Inc. ("GPA"), which is the third party administrator of the TTCU Health Plan, object to the motions of the grantor trustee (the "Trustee") for the post-confirmation grantor trusts of the debtors (the "Debtors") in the above-captioned bankruptcy case to conduct

Rule 2004 examinations [Docket Nos. 1193 and 1194] of certain ERISA plan sponsors and third party administrators (the "2004 Motions"). TTCU and GPA join the objections of other plan sponsors and third party administrators and separately object to the 2004 Motions for the reasons set forth herein.

## I. INTRODUCTION

1. Post-confirmation Rule 2004 examinations are more restrictive than pre-confirmation examinations. Post-confirmation examinations are limited to matters pertaining to the implementation and execution of the plan. Through its motions, the Trustee seeks authority to conduct unfettered discovery of ERISA plan sponsors and third party administrators; however, the substantive law of ERISA, under which the Trustee's claims arise—if at all—precludes such discovery. In an action to recover benefits under from an ERISA plan, the court merely decides whether the ERISA plan's decision was an abuse of discretion, confining its review the administrative record that was before the administrator when the decision was made. Discovery is limited in accordance with this standard. Accordingly, the only documents to which the Trustee is entitled are the administrative records for any claims in dispute. Finally, because the Trustee may obtain the information necessary to investigate any claims against the ERISA plans and their sponsors under ERISA, the requested Rule 2004 examinations are entirely unnecessary.

## II. ARGUMENT

2. The 2004 Motions are overly broad, unwarranted by applicable law, and unnecessary to investigate the potential claims the Trustee purportedly seeks to investigate. Moreover, the 2004 Motions likely would not have been necessary if the Trustee had merely complied with local rules regarding such motions.

A. **Post-Confirmation Rule 2004 Examinations Are Limited to Matters Pertaining to Implementation or Execution of the Plan**

3. The bankruptcy court's jurisdiction is narrowed to "matters pertaining to the implementation or execution of the plan" after confirmation of the debtor's plan. *In re Daisytek, Inc.*, 323 B.R. 180, 185 (N.D. Tex. 2005) (citing *In re Craig's Stores of Tex., Inc.*, 266 F.3d 388, 390 (5th Cir. 2001)). Under the plan confirmed in this proceeding, the creditors of the bankruptcy estate will receive proceeds of the Debtors' accounts receivables. (Docket No. 1193, at ¶ 7.) The Trustee is responsible for monetizing the Debtors' accounts receivables. (Docket No. 1193, at ¶ 10.) Thus, any post-confirmation Rule 2004 examinations should be limited to investigation of potential claims against ERISA plans. *See In re Daisytek*, 323 B.R. at 185. The examination of witnesses described in paragraph 11 of the Trustee's motion goes beyond the type of action that could be brought against the ERISA plans or their third party administrators to recover additional payments allegedly owed to the Debtors. (Docket No. 1193). As discussed below, any such actions are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

B. **Actions to Recover Additional Payment Allegedly Owed to the Debtors by ERISA Plans Are Limited to Review of the Administrative Record**

4. When the underlying action does not derive solely from the provisions of the Bankruptcy Code, courts must give effect to the law governing the underlying action. *In re Daisytek*, 323 B.R. at 188; *see also In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1068–69. The underlying claim in *In re Daisytek* involved state law claims for malpractice based on pre-petition conduct. *In re Daisytek*, 323 B.R. at 187–88. Because those malpractice claims were limited by contractual arbitration clauses that also restricted discovery, the court was required to

4834-1962-9623.1                        3

give effect to those provisions. *Id.* The bankruptcy court erred by holding that Rule 2004 trumped the arbitration clauses and limitations on discovery. *Id.* at 188.

5. Here, the Trustee contemplates actions against ERISA plans and their third party administrators based on pre-petition claims of the Debtors that arise (if at all) completely independently of the Bankruptcy Code. Thus, the Court must look to the law governing those claims to determine whether the Rule 2004 examinations are permissible.

6. A party seeking to recover additional payment for health care claims from an ERISA plan must bring such action under ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). In fact, ERISA completely preempts any cause of action that could have been brought under ERISA where there is no other independent legal duty implicated by the defendant's actions. *Id.* at 210. The terms of the ERISA plan document govern claims for additional payment from ERISA plans. *High v. E-Systems, Inc.*, 459 F.3d 573, 578 (5th Cir. 2006) (citing *Threadgill v. Prudential Securities Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998)). Before bringing an action to recover additional payment under ERISA, the claimant must exhaust all the administrative remedies provide under the ERISA plan. *Harris v. Trustmark Nat'l Bank*, 287 Fed. Appx. 283, 288 (5th Cir. 2008). Courts deciding ERISA claims may not engage in fact-finding. *Vega v. Nat'l Life Ins. Servs.*, 188 F.3d 287, 295 (5th Cir. 1999). Instead, the court is limited to considering the evidence that was in the administrative record, which "consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator fair opportunity to consider it." *Vega*, 188 F.3d at 299–300. Where the ERISA plan grants the administrator discretionary authority—as the TTCU Health Plan does, the court reviews the benefit decision under the arbitrary and capricious or abuse of discretion standard. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115

(1989); *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008). Accordingly, discovery in ERISA cases is limited to matters related to the administrative record. *See Vega*, 188 F.3d 287; *Crosby v. La. Health Sev. & Indemnity Co.*, 647 F.3d 258 (5th Cir. 2011).

7. The actions the Trustee contemplates against ERISA plans for additional payments from those ERISA plans are governed by ERISA. (Docket. No. 1193, at ¶¶ 4, 10.) *See Davila*, 542 U.S. 200. Accordingly, judicial review in such cases will be limited to the administrative record, and discovery will be appropriately limited. *See Vega*, 188 F.3d 287; *Crosby*, 647 F.3d 258. In order to evaluate potential claims against the ERISA plans and their third party administrators, the Trustee merely needs the applicable administrative records for the accounts it believes were not paid appropriately. To the extent the Debtors failed to exhaust their administrative remedies by timely filing appeals to the ERISA plans with respect to these accounts, the Trustee—like the Debtors—is foreclosed from bringing an action to recover additional payment from the ERISA plans. *See Harris*, 287 Fed. Appx. at 288.

8. The Debtors do not need, and are not entitled, to examine witnesses from the ERISA plans and their third party administrators on any topics. As the only relevant evidence and permissible discovery is related to the administrative record for each of the accounts allegedly underpaid, the Trustee is not entitled to information regarding "all aspects of the Accounts Receivable," "the terms of the services contracts or other agreements between the ERISA Plans, their sponsors and the TPAs," "the Witnesses' role in determining and/or effectuating the non-payment, underpayment and/or offset of any of the Accounts Receivable," or "all related topics." (*See* Docket. No. 1193, at ¶ 11.) Because this information could not be used in the type of action the Trustee is purportedly investigating, which is the only basis for a

post-confirmation Rule 2004 examination, the Court should deny the request for Rule 2004 examinations.

C. **Rule 2004 Examinations Are Not Necessary or Appropriate to Obtain the Information Necessary to Investigate the Claims Identifies by the Trustee**

9. As discussed above, the only information necessary to investigate a potential ERISA claim for benefits is the administrative record. To the extent the Trustee does not already have the administrative record, it is entitled to obtain a copy under ERISA's claim procedures. All ERISA plans must "[p]rovide that a claimant shall be provided, upon request and free of charge, reasonable access to and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). Those same regulations provide that a document, record, or other information is relevant if it "[was] relied upon in making the benefit determination" or "[w]as submitted considered, or generated in the course of making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8). This definition is co-extensive with the definition of the administrative record, which "consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator fair opportunity to consider it." *See Vega*, 188 F.3d at 299–300. The statute itself also requires plan administrators to provide copies of the applicable plan document upon request. *See* 29 U.S.C. § 1024(b)(4). Because ERISA confers the legal right[1] to obtain the information necessary to evaluate the claims the Trustee purportedly seeks to investigate, the requested 2004 examinations are not only unwarranted, but also completely unnecessary.

---

[1] Several parties have objected to the Trustee's motions on the grounds that the particular ERISA plan(s) contained anti-assignment provisions. The TTCU Health Plan does not contain any such anti-assignment provisions and specifically accepts appeals from medical providers like the Debtors.

10. TTCU and GPA are more than willing to provide the administrative records, including the applicable ERISA plan documents, to the Trustee. Because the 2004 examination requested is not only unwarranted under controlling law, but also because it is unnecessary to conduct the investigation the Trustee seeks to conduct, the Court should deny the Trustee's motion.

**D. The Trustee's Failure to Comply with L.B.R. 2004-1(a) Caused Unnecessary Expenses and Delay**

11. The Trustee contends "it was not practicable" to contact "each and every party." (Docket. No. 1193, at ¶ 16.) Although the Trustee does not offer any reason it was not practicable, its contention seems to be based on the number of parties it seeks to examine. If it is practicable to examine each and every party—as the Trustee requests, then it is practicable to contact each and every party about the request. Moreover, had the Trustee contacted TTCU and GPA about the motion before filing and serving it, it likely would not have been necessary to file the motion as to TTCU and GPA. Upon request, TTCU and GPA will provide documentation that is more than adequate to permit the Trustee to investigate any potential claims against them.

### III. CONCLUSION

For the reasons set forth above, as well as the additional reasons set forth by the various other parties objecting to the Trustee's 2004 Motions, the Court should deny the 2004 Motions.

Dated:  August 19, 2016

Respectfully submitted,

By:  */s/ Vickie L. Driver*
Vickie L. Driver, Esq.
State Bar No. 24026886
Christina W. Stephenson, Esq.
State Bar No. 24049535
**Lewis Brisbois Bisgaard & Smith LLP**
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: 214.722.7100
Facsimile: 214.722.7111
Email: vickie.driver@lewisbrisbois.com
Email: christina.stephenson@lewisbrisbois.com

**and**

Kris Alderman, Esq.
**FisherBroyles LLP**
945 East Paces Ferry Road, Suite 2000
Atlanta, GA 30326
Telephone:  404-400-4500
Facsimile:  404-596-8887
kris.alderman@fisherbroyles.com

**COUNSEL FOR TEXAS TRUST CREDIT UNION AND GROUP & PENSION ADMINISTRATORS, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2016, a true and correct copy of the foregoing was served via the court's ECF system upon all parties registered to receive notice via ECF filing.

*/s/ Vickie L. Driver*
Vickie L. Driver