Deborah M. Perry
Texas Bar No. 24002755
MUNSCH HARDT KOPF & HARR, PC
500 N. Akard St., Suite 3800
Dallas, Texas 75201
Tel: (214) 855-7500
Fax: (214) 855-7584
E-mail: dperry@munsch.com

**ATTORNEYS FOR VERIZON COMMUNICATIONS, INC.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 15-42373-RFN |
| VICTORY MEDICAL CENTER | § | |
| MID-CITIES, LP., *et al.*, | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

### VERIZON COMMUNICATIONS, INC.'S OBJECTION TO SECOND MOTION OF THE GRANTOR TRUSTEE FOR AUTHORITY TO CONDUCT RULE 2004 EXAMINATIONS OF CERTAIN ERISA PLAN SPONSORS AND THEIR THIRD PARTY ADMINISTRATORS AND FOR THE PRODUCTION OF DOCUMENTS

**TO THE HONORABLE RUSSELL F. NELMS, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Verizon Communications, Inc. ("Verizon"), and files this Objection (the "Objection") to the *Second Motion of the Grantor Trustee for Authority to Conduct Rule 2004 Examinations of Certain ERISA Plan Sponsors and Their Third Party Administrators and for the Production of Documents* (the "Motion") filed in the above-captioned bankruptcy case (the "Bankruptcy Case") by the Grantor Trustee (the "Grantor Trustee") and would respectfully show the following:

## I.
## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

1. By and through the Motion, the Grantor Trustee seeks depositions and discovery from "Verizon," without identifying proper legal names for the specific Verizon entities it seeks 2004 relief from. Motion, Ex. A. The Verizon entities that could potentially be the targets of the relief requested in the Motion have not previously appeared in this Bankruptcy Case as either creditors or parties in interest.

2. By the filing of this Objection, Verizon does not voluntarily appear before the Court and Verizon does not consent to the exercise of jurisdiction over Verizon and/or any of its affiliates. Verizon does not consent to service of any subpoenas upon it or any of its affiliates and does not waive any objections it may have relating to the Grantor Trustee's failure to identify any particular Verizon entity in the Motion.

3. Verizon expressly reserves the right to assert that this Court lacks jurisdiction over Verizon. This Objection shall not be construed to constitute "consent" under 28 U.S.C. § 157(c)(2). Verizon also reserves its right to assert objections based on (i) ERISA, (ii) HIPAA, (iii) other patient privacy protection laws, and (iv) the failure of the Grantor Trustee to exhaust all administrative remedies and/or procedures prior to pursuing the relief requested in the Motion. Verizon reserves the right to assert additional objections at the hearing on the Motion.

## II.
## OBJECTION

4. It is fundamental that the purpose of Rule 2004 of the Federal Rules of Bankruptcy Procedure limits the scope for which it may be utilized only to obtain information regarding the acts, conduct or property or the liabilities and financial condition of the debtor or to any manner which may affect the administration of the bankruptcy estate.

5. "Rule 2004 examinations may not be used to annoy, embarrass or oppress the party being examined." *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (E.D.N.Y. 1991). The Movant bears the burden of demonstrating good cause for requiring production pursuant to Rule 2004. *Id*.

6. "[A]lthough Rule 2004 permits examinations of 'third parties' the language of the rule makes it 'evident that an examination may be had only of those persons possessing knowledge of a debtor's acts, conduct or financial affairs so far as it relates to a debtor's proceeding in bankruptcy.'" *In re Wilcher*, 56 B.R. 428, 434 (N.D.Ill. 1985) (quoting *In re GHR Energy Corp.*, 35 B.R. 534, 537 (Bankr. D. Mass. 1983).

7. Verizon and certain of its affiliates are ERISA plan sponsors. Anthem, Inc. or one or more of its affiliates ("Anthem") is/are the third party administrator(s) for certain Verizon benefit plans. On July 12, 2016, Anthem filed its *Objection of Anthem Inc. and Affiliates to First and Second Motions of the Grantor Trustee for Authority to Conduct Rule 2004 Examinations of Certain ERISA Plan Sponsors and Their Third Party Administrators and for the Production of Documents* [Docket No. 1208] (the "Anthem Objection").

A. **The Grantor Trustee Lacks Standing to Pursue Claims Against Verizon, Therefore, the Motion Should be Denied**

8. As stated previously, the Verizon entities that are the relevant plan sponsors for purposes of the relief requested in the Motion have not filed proofs of claim in the Bankruptcy Case and are not creditors or parties in interest as such terms are defined in the Bankruptcy Code.

9. On information and belief and based upon a review of pertinent pleadings filed in the Bankruptcy Case, counsel for Verizon has not located any specific reservation of claims or causes of action against Verizon as required under governing Fifth Circuit case law. Given that such claims and causes of action were not expressly preserved under the First Amended Joint Plan of Reorganization [Docket No. 776] confirmed by order [Docket No. 969] of this Court, the Grantor

Trustee lacks standing to pursue such alleged claims and causes of action. *Dynasty Oil and Gas, LLC v. Citizens Bank, et al. (In re United Operating, LLC),* 540 F.3d 351, 355 (5th Cir. 2008).

**B.  The Proposed Discovery is Overbroad**

10. The Motion is overbroad and fails to include any limitations or specificity regarding the scope of the proposed examinations and document production. It is impossible to ascertain the scope of the proposed discovery and, therefore, impossible for Verizon to fully assert objections at this juncture.

11. The proposed order filed with the Motion states that the Grantor Trustee shall be authorized to "issue subpoenas, propound document requests and other discovery requests, and to conduct depositions of witnesses, related to the subjects identified in the Motion." Order, p. 2. The proposed order provides no additional restrictions on the foregoing.

12. Should the Court grant the Motion, any order entered should expressly preserve the rights of Verizon to object to and/or seek to quash any subpoenas, deposition notices and discovery that may be issued and to seek protective orders regarding same.

**C.  Verizon is a Plan Sponsor Not a Third Party Administrator**

13. Certain of Verizon's plans are currently administered by Anthem. Anthem interfaces directly with healthcare providers regarding medical billings and claims. In light of the fact that Verizon has retained Anthem as a third party administrator for certain of Verizon's benefit plans, Verizon does not generally directly administer its employees' or former employees' healthcare claims and/or reimbursements with regard to such benefit plans.

14. It is highly unlikely that Verizon has relevant information that is not already in the possession of Anthem. The Grantor Trustee should not be allowed to pursue duplicative discovery from Verizon as a plan sponsor. As set forth in the Anthem objection, Anthem is in agreement that such requests would likely be duplicative.

## III.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Verizon respectfully requests that this Court deny the relief requested in the Motion and for such other and further relief to which Verizon may be justly entitled at law or in equity.

Dated: August 19, 2016.

**MUNSCH HARDT KOPF & HARR, P.C.**


By:    /s/ Deborah M. Perry
      Deborah M. Perry, Esq.
      Texas Bar No. 24002755
      500 N. Akard Street, Suite 3800
      Dallas, Texas 75201-6659
      Telephone: (214) 855-7500
      Facsimile: (214) 855-7584
      Email: dperry@munsch.com

**ATTORNEYS FOR VERIZON COMMUNICATIONS, INC.**


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, on the 19th day of August, 2016.

*/s/ Deborah M. Perry*
Deborah M. Perry